**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **GUILLERMO MENDEZ LOPEZ** | ) | |
| | ) | Case No. 1:26-cv-12063-BEM |
| Petitioner/Plaintiff, | ) | |
| | ) | |
| **PATRICIA HYDE**, Field Office Director. et al. | ) | |
| | ) | |
| Respondents/Defendants | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR CLARIFICATION AND/ OR LEAVE TO AMEND**

Plaintiff Guillermo Mendez Lopez submits this Motion to Clarify the Court's order and the procedure recommended by this Court to pursue the civil claims that Petitioner believed were properly set forth in this joint habeas and civil complaint. Plaintiff requests a short status conference to seek guidance from the Court as to the procedures to address his remaining civil claims.

The Federal Rules of Civil Procedure, as well as interests of judicial efficiency, appear to provide that such joinder of claims is permissible and proper. First, the claims joined in this Petition/Complaint are of the type properly joined under Federal Rule of Civil Procedure 18, which provides that a party "may join, as independent or alternative claims, as many claims as it has against an opposing party." *See also United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

Moreover, all of these claims clearly arise from a common nucleus of operative facts and are properly considered together. *See* 28 U.S.C. §1367, Fed. R. Civ. P. 20. Thus, Plaintiff submits that the claims in this case are properly joined in one action has been commonly done. *See, e.g., Brito v. Garland*, 22 F. 4th 240 (1st Cir. 2021) (addressing class action relief where "three Plaintiffs subsequently filed a habeas corpus petition and class action complaint for declaratory and injunctive relief including claims that government violated INA and APA); *Orellana v. Moniz*, 808 F. Supp. 3d 167 (D. Mass. 2025) (addressing

combined petition for writ of habeas corpus and class action complaint asserting government's denial of bond hearings violated INA, Due Process Clause and the APA).

To the extent that the Court does not believe that the Plaintiff has adequately pleaded his civil claims under the Administrative Procedures Act in the existing Amended Petition, Plaintiff requests an opportunity to further amend to clarify that he has a pending T-Visa application and is asserting civil claims under the Administrative Procedures Act as described in paragraphs 88-97 and the theories set forth in Counts Two through Four of the Amended Petition and Complaint, based upon the failure to adjudicate his T-Visa application prior to seeking to deport him.

WHEREFORE, the Plaintiff asks that this Court to provide a status conference or other opportunity to address the procedural issues here so that the Plaintiff can proceed appropriately.

Respectfully submitted,

Dated: 10/8/2026

*/s/ Sara Miron Bloom*
Todd Pomerleau (Mass BBO #664974)
Sara Miron Bloom (Mass BBO #552352)
Rubin Pomerleau, P.C.
Two Center Plaza, Suite 520
Boston, MA 02108
Tel: 617.367.0077

*Counsel for Petitioner*

**CERTIFICATE OF SERVICE AND PURSUANT TO LOCAL RULE 7.1**

I hereby certify that on October 8, 2026, I electronically filed the within Motion and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

I further certify that I have consulted with counsel for the Respondents in a good-faith effort to narrow or resolve the issues presented by this motion Respondents oppose this Motion.

*/s/ Sara Miron Bloom*